RUTH SMITH V. THE STATE.

No. 3923. Decided January 19, 1916.

**Vagrancy—Appeal—Justice Court—County Court—Jurisdiction.**

Where, upon trial of vagrancy, defendant was convicted in the Justice Court and appealed to the County Court, where he was again convicted and his penalty assessed at one hundred dollars, this court has no jurisdiction to entertain his appeal therefrom.

Appeal from the County Court of Lamar. Tried below before the Hon. Tom L. Beauchamp.

Appeal from a conviction of vagrancy; penalty, a fine of $100.

The opinion states the case.

No brief on file for appellant.

C. C. McDonald, Assistant Attorney General, for the State.—Ball v. State, 31 Texas Crim. Rep., 214.

DAVIDSON, JUDGE.—Appellant was convicted of vagrancy. The case arose in the Justice Court. On conviction in that court, an appeal was prosecuted to the County Court, where the jury convicted and awarded appellant a fine of $100.

Motion is made here to dismiss the appeal on the ground that before the jurisdiction of this court will attach on appeal from the County Court the punishment, if it be a fine, must be in excess of $100; that unless it exceeds $100 the jurisdiction of the County Court is final. This seems to be a correct proposition. See article 87 of the Revised Code of Criminal Procedure, and numerous authorities collated in the note under that article.

The motion to dismiss the appeal for the reasons stated is granted, and the appeal is dismissed.

*Dismissed.*